UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

```
*******************************
                              *
Frank W. Niessen,             *
                              *
        Plaintiff             *              COMPLAINT
                              *              Jury Trial Requested
v.                            *
                              *
Huggins Hospital,             *
                              *
        Defendant             *
                              *
*******************************
```

**COMPLAINT**

NOW COMES the plaintiff Frank W. Niessen, by and through his attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.      Parties**

1.      The plaintiff Frank W. Niessen is a former employee of the defendant Huggins Hospital who resides at 103 Bay Hill Road, Alton, New Hampshire.

2.      The defendant Huggins Hospital is a New Hampshire corporation with a principal place of business located at 240 South Main Street, Wolfeboro, New Hampshire.

**II.     Jurisdiction and Venue**

3.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.  The Court may exercise supplemental jurisdiction over the plaintiff's State law claims.  The Court has personal jurisdiction over the defendant because it is a resident of New Hampshire.

4.      Venue is proper because the acts and omissions giving rise to this action occurred within this judicial district.

1

III.    **Facts**

5.      Mr. Niessen became employed with the defendant as a Business Intelligence Analyst II on or about February 26, 2018. His position primarily required him to develop reporting for the defendant's organization.

6.      Mr. Niessen was qualified for his position and performed his job responsibilities well. He met expectations in all categories in which the defendant rated him in his most recent performance review rendered on or about December 8, 2020. Mr. Niessen's manager praised his "focus on data integrity" and his "very strong attention to detail."

7.      In the early months of 2021, Mr. Niessen found himself experiencing severe daytime drowsiness. He had not previously experienced such symptoms. He fell asleep at work on or about January 11, 2021, and again on or about March 3, 2021. The defendant subjected him to disciplinary action for these incidents.

8.      Mr. Niessen consulted with his physician regarding his severe daytime drowsiness, and the incidents in which he had fallen asleep at work, in a treatment visit that occurred on or about March 15, 2021. Mr. Niessen's physician ordered a sleep study, and upon reviewing the results she diagnosed him with severe sleep apnea.

9.      Mr. Niessen advised his supervisor of his sleep apnea diagnosis. His supervisor responded with hostility. When Mr. Niessen explained that he was experiencing a medical problem, the supervisor would respond that Mr. Niessen's problem was a performance problem, not a medical problem.

10.     Mr. Niessen's physician recommended a treatment that required his home use of a CPAP machine. Mr. Niessen began using the machine as directed, but he continued to experience fatigue after a night's rest, and he continued to suffer daytime drowsiness. His supervisor observed

him nodding off in a meeting on or about May 17, 2021, at which time the defendant issued Mr. Niessen a Final Written Warning. Under the terms of the Final Written Warning, Mr. Niessen's manager was supposed to meet with him for "a performance check-in before the end of June 2021." The defendant fired Mr. Niessen, however, before any such performance check-in could occur.

11. Mr. Niessen visited his physician on or about May 21, 2021, and advised her of his ongoing daytime drowsiness. His physician discovered that the home care company assigned to set up his CPAP machine had done so improperly.

12. After this treatment visit, Mr. Niessen began using the CPAP machine as his doctor had intended. He experienced immediate improvements. He began awakening refreshed in the morning, and he stopped falling asleep during the workday.

13. On or about June 2, 2021, Mr. Niessen's supervisor falsely accused him of having fallen asleep on the job on May 28, 2021, at 3:45 p.m. Mr. Niessen refuted his supervisor's allegations, showing that he had been in a meeting till 3:20 p.m. or 3:30 p.m. on May 28 and that he had sent a detailed e-mail in follow-up to that meeting at 4:08 p.m. the same day. "I can truly understand my sleep issues before my medical equipment was issued and corrected," Mr. Niessen wrote to his supervisor on June 2, 2021, "however that Friday's report of a sleep incident is concerning."

14. Mr. Niessen's physician wrote the defendant a June 21, 2021, letter explaining that his daytime drowsiness and his associated performance issues had been attributable to his sleep apnea "which is now being properly treated with very good results." Exhibit A.

15. Nonetheless, the respondent terminated Mr. Niessen's employment effective June 25, 2021, claiming that his position had been eliminated.

16. In fact, the defendant hired another employee after it fired Mr. Niessen to assume Mr. Niessen's employment responsibilities.

17. Mr. Niessen filed a Charge of Discrimination with the New Hampshire Commission for Human Rights on or about August 24, 2021. Exhibit B. The Charge was dually filed with the United States Equal Employment Opportunity Commission.

18. Mr. Niessen notified the New Hampshire Commission for Human Rights of his intent to pursue a civil action by letter dated August 9, 2022. The Human Rights Commission subsequently closed its case.

19. Mr. Niessen requested a Notice of Right to Sue from the United States Equal Employment Opportunity Commission and received such Notice on August 15, 2022. Exhibit C. This lawsuit is filed within 90 days of Mr. Niessen's receipt of the Notice of Right to Sue, as required.

**COUNT I**

**(Violation of Americans With Disabilities Amendments Act)**

20. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

21. At all times relevant to this action, Mr. Niessen suffered from a disabling impairment—severe sleep apnea—substantially limiting him in one or more major life activities, including the major life activity of sleeping.

22. Mr. Niessen was a qualified individual with a disability at relevant times, meaning that he could perform the essential functions of his job with or without reasonable accommodation.

23. The defendant fired Mr. Niessen because he suffered from disabling impairments and because he had a record of disabling impairments.

24.     To the extent the defendant eliminated Mr. Niessen's position, the defendant failed to meet its obligation of reasonable accommodation to Mr. Niessen, failing to consider him for reassignment to vacant positions that he could perform within the defendant's organization.

25.     As a direct and proximate result of the defendant's disability discrimination, the plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus attorney's fees, interest and costs.

26.     The plaintiff is further entitled to punitive damages because the defendant acted with malice in firing him and with reckless disregard of his federally protected rights.

## COUNT II

### (Violation of RSA 354-A: Disability Discrimination)

27.     The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

28.     At all times relevant to this action, Mr. Niessen suffered from a disabling impairment—severe sleep apnea—substantially limiting him in one or more major life activities, including the major life activity of sleeping.

29.     Mr. Niessen was a qualified individual with a disability at relevant times, meaning that he could perform the essential functions of his job with or without reasonable accommodation.

30.     The defendant fired Mr. Niessen because he suffered from disabling impairments and because he had a record of disabling impairments.

31.     To the extent the defendant eliminated Mr. Niessen's position, the defendant failed to meet its obligation of reasonable accommodation to Mr. Niessen, failing to consider him for reassignment to vacant positions that he could perform within the defendant's organization.

32. As a direct and proximate result of the defendant's disability discrimination, the plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus attorney's fees, interest and costs.

33. The plaintiff is further entitled to enhanced compensatory damages based on the defendant's willful and reckless disregard of his RSA 354-A rights.

WHEREFORE, the plaintiff Frank W. Niessen respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B. Find the defendant liable for violations of the Americans With Disabilities Amendments Act;

C. Find the defendant liable for violations of RSA 354-A;

D. Award the plaintiff damages for lost wages, lost employment benefits and lost earning capacity;

E. Award the plaintiff compensatory damages for emotional distress, humiliation, inconvenience, and loss of enjoyment of life;

F. Award the plaintiff punitive damages;

G. Award the plaintiff enhanced compensatory damages;

H. Award the plaintiff reasonable attorney's fees;

I. Award the plaintiff interest and costs; and

J. Grant such other and further relief as is just and equitable.

    Respectfully submitted,
    FRANK W. NIESSEN
    By his attorneys,
    DOUGLAS, LEONARD & GARVEY, P.C.

Date: November 11, 2022 By: /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com